06 CV 3253

Wing-Sze Choi, Esq. (WC8888)
4 Times Square
Room 44-222
New York, New York 10036
212-735-3825

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SEUNG WAN NOH,

Plaintiff,

**COMPLAINT**

- against -

ECF Case

300 J.J. FRESH PRODUCE, INC.,
MR. CHU TO YOON, and MRS. CHU TO YOON,

Defendants.
----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. Plaintiff worked as an employee of Defendants from September 2004 to October 2005. During his employment, Plaintiff consistently worked more than 40 hours a week and more than 10 hours a day. Defendants never paid Plaintiff for his overtime work and never paid Plaintiff any spread-of-hours pay. This is an action under the federal and state labor laws to recover damages suffered by Plaintiff as a result of Defendants' failure to pay Plaintiff lawful wages plus liquidated damages and interest.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1337 and by 29 U.S.C. § 216. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has venue pursuant to 28 U.S.C. §1391(b).

1

## PARTIES

3. Plaintiff Seung Wan Noh (hereinafter referred to as "Plaintiff Noh") is a former employee of Defendants.

4. Defendant corporation 300 J.J. Fresh Produce, Inc. is a delicatessen and grocery store located at 300 Albany Street, New York, NY 10280 (hereinafter referred to as "300 J.J. Fresh Produce"). Upon information and belief, 300 J.J. Fresh Produce is engaged in interstate commerce and has gross sales of over $500,00.

5. Defendant individual Mr. Chu To Yoon (hereinafter referred to as "Defendant Mr. Yoon") is, on information and belief, the owner or part-owner of 300 J.J. Fresh Produce. He is also the manager of the business and has the powers to hire and fire employees, set employee wages, set employee schedules and maintain employee records. He is Plaintiff Noh's employer as that term is defined by the Fair Labor Standards Act and New York Labor Law.

6. Defendant individual Mrs. Chu To Yoon (hereinafter referred to as "Defendant Mrs. Yoon") is the wife of Defendant Mr. Yoon. 300 J.J. Fresh Produce, Defendant Mr. Yoon, and Defendant Mrs. Yoon are hereinafter collectively referred to as "Defendants." Defendant Mrs. Yoon's full name is currently unknown to Plaintiff Noh, but this complaint shall be amended when her full name is made known through discovery. Defendant Mrs. Yoon is also a manager of 300 J.J. Fresh Produce and has the powers to hire and fire employees, set employee wages, set employee schedules and maintain employee records. She is Plaintiff Noh's employer as that term is defined by the Fair Labor Standards Act and New York Labor Law.

## STATEMENT OF FACTS

7. Plaintiff Noh was employed as a store worker with 300 J.J. Fresh Produce. Plaintiff Noh performed general store worker duties for Defendants at their delicatessen and grocery store located at 300 Albany Street, New York, NY, 10280, such as tending the cash register, restocking the shelves of the store, and cleaning the store.

8. Plaintiff Noh generally worked about 12 hours a day from approximately 7:00 p.m. to approximately 7:00 a.m. and was not given meal breaks.

9. During his employment, Plaintiff Noh worked various weekly schedules. These schedules ranged from 3 days per week to 7 days per week.

10. Plaintiff Noh's agreed payment rate was $75 per day.

11. Plaintiff Noh has never been paid overtime pay for his hours over 40 hours a week.

12. Plaintiff Noh has never been paid an extra hour's pay for each day that he worked more than 10 hours a day.

13. The wages that Plaintiff Noh received were all in cash.

14. Upon information and belief, Defendants failed to properly maintain employment records of Plaintiff Noh's employment.

15. Defendants willfully and intentionally failed to pay Plaintiff Noh his lawful wages.

## FIRST CAUSE OF ACTION

### Federal Overtime Violation

16. Plaintiff Noh alleges and re-alleges all the paragraphs above.

17. Defendants' intentional failure to pay Plaintiff Noh the proper overtime pay violates 29 U.S.C. § 201 et seq.

## SECOND CAUSE OF ACTION

### State Overtime and Spread of Hours Pay Violations

18. Plaintiff Noh alleges and re-alleges all the paragraphs above.

19. Defendants' intentional failure to pay Plaintiff Noh the proper overtime and spread of hours pay violates New York Labor Law §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Noh respectfully request that a judgment be granted as follows:

a. Awarding Plaintiff Noh compensatory damages, liquidated damages and prejudgment interest;

b. Awarding Plaintiff Noh his attorney's fees and costs; and,

c. Granting such other and further relief as is just and proper.

Dated April 27, 2006
New York, NY

Wing-Sze Choi, Esq. (WC8888)
4 Times Square
Room 44-222
New York, New York 10036
212-735-3825

Steven Choi, Esq. (SC1906)
ASIAN AMERICAN LEGAL DEFENSE
   AND EDUCATION FUND
99 Hudson Street
New York, New York 10013
212-966-5932

Attorneys For Plaintiff